### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JASON ALLEN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | 15 C 2396 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Andrea R. Wood |
| JONATHAN HOWARD, ELIZABETH P. | ) | |
| LASSEN, AND ANIKA GARY, IN THEIR | ) | |
| INDIVIDUAL CAPACITIES, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**NOW COME** the Defendants, DR. HOWARD and DR. LASSEN ("Defendants"), by

and through their attorney, ANITA ALVAREZ, State's Attorney of Cook County, through

ANDREA HUFF, Assistant State's Attorney, and in submitting Defendants' Answer to

Plaintiff's Complaint states as follows:

### NATURE OF THE ACTION

1.      Jason, a pretrial detainee at the Cook County Department of Corrections

("CCDOC"), has spent more than a year suffering preventable harms at the hands of Defendants,

including repeated failures to provide Jason with medically-necessary medications.

**ANSWER**:    Defendants admit that Plaintiff is a pretrial detainee at CCDOC but deny
the remaining allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

2.      This lawsuit, brought pursuant to 42 U.S.C. § 1983, challenges the actions of

Defendants that caused Jason harm during his detention at CCDOC.

**ANSWER**:    Defendants admit that Plaintiff has plead a Section 1983 claim against
them but lacks sufficient knowledge or information to admit or deny the allegations
contained in Paragraph 2 of Plaintiff's Amended Complaint.

1

## THE PARTIES

### Plaintiff

3.      Jason has been a pretrial detainee in the custody of CCDOC at all times relevant
to this First Amended Complaint.

**ANSWER**:     Defendants admit the allegations contained in Paragraph 3 of Plaintiff's
Amended Complaint.

### Defendants

4.      Upon information and belief, Defendant Howard is a Doctor of Medicine
employed by CCDOC and/or Cermak Health Services of Cook County, CCDOC's medical
provider. Upon information and belief, Howard completed medical school in 2006, completed
residency in Psychiatry at Rush University Medical Center in 2010, is licensed with the State of
Illinois as a physician and surgeon, and is licensed with the State of Illinois as a physician
authorized to prescribe controlled substances. In all of his actions described herein, Howard was
acting under color of state law and in the course of his employment. The claims being made
against Howard are brought against him in his individual capacity.

**ANSWER**:     Defendants admit the allegations contained in Paragraph 4 of Plaintiff's
Amended Complaint.

5.      Upon information and belief, Defendant Lassen is a Doctor of Osteopathic
Medicine employed by CCDOC and/or Cermak Health Services of Cook County, CCDOC's
medical provider. Upon information and belief, Lassen completed medical school in 2007,
completed residency in General Psychiatry at the University of Illinois at Chicago in 2011, is
licensed with the State of Illinois as a physician and surgeon, and is licensed with the State of
Illinois as a physician authorized to prescribe controlled substances. In all of her actions
described herein, Lassen was acting under color of state law and in the course of her

2

employment. The claims being made against Lassen are brought against her in her individual capacity.

**ANSWER**:    Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6.    Upon information and belief, Defendant Gary is a Social Worker employed by CCDOC and/or Cermak Health Services of Cook County, CCDOC's medical provider. Upon information and belief, Gary is licensed with the State of Illinois as a Licensed Clinical Social Worker. In all of her actions described herein, Gary was acting under color of state law and in the course of her employment. The claims being made against Gary are brought against her in her individual capacity.

**ANSWER**:    These answering defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

7.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because it is a civil action arising under 42 U.S.C. § 1983 and the United States Constitution.

**ANSWER**:    Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

8.    This Court is authorized to render declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER**:    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

9.    Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because all of the events at issue took place at CCDOC, located in Cook County, Illinois, which is located within the Northern District of Illinois.

**ANSWER**:    Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

## FACTUAL ALLEGATIONS

### Jason enters CCDOC custody.

10.    Jason was booked into CCDOC custody on or about the afternoon of September 10, 2014.

**ANSWER**:    Defendants admit the allegation contained in Paragraph 10 of Plaintiff's Amended Complaint.

11.    While in CCDOC custody, detainees cannot simply walk in to see a doctor or mental health provider whenever they would like. Instead, Jason must rely on CCDOC personnel to schedule him for medical and mental health consultations, and on medical and mental health care providers—like Defendants—to honor those appointments, provide him with medical and mental health treatment and medications, and follow through on their consultations and recommendations to ensure that Jason receives the medical and mental health care guaranteed to him by the United States Constitution.

**ANSWER**:    Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

### Defendants fail to provide Jason with adequate medical care.

12.    As part of the booking and intake process on or about September 10, 2014, Jason met with Defendant Gary for a mental health screening. Jason explained to Gary that he had been diagnosed by a doctor as having multiple mental health conditions, had been prescribed both antipsychotic and antidepressant medications, and had a history of alcohol abuse, attempted suicide, and auditory hallucinations that kept him awake and told him to hurt himself and others.

**ANSWER**:    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

4

13.     Defendant Gary ended Jason's mental health screening by referring him for a psychiatric screening. Upon information and belief, Gary made no further effort to ensure that Jason received needed psychiatric treatment and medication.

**ANSWER**:    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14.     Later the same day, Jason met with Defendant Lassen for a psychiatric screening. During this meeting, Jason repeated to Lassen much of what he told Defendant Gary during his mental health screening: he had been diagnosed with multiple mental health conditions, had been prescribed antipsychotic and antidepressant medications, and had a history of alcohol abuse, attempted suicide, and auditory hallucinations that kept him awake and told him to hurt himself and others.

**ANSWER**:    Defendants admit that Plaintiff met with Dr. Lassen later that same day but lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15.     Defendant Lassen ended Jason's psychiatric screening by prescribing him risperidone (an antipsychotic medication) and fluoxetine (an antidepressant medication) and referring him for a follow-up psychiatric evaluation. Jason, believing Lassen would take necessary steps to ensure that he in fact received such medications, proceeded to his living quarters.

**ANSWER**:    Defendants admit that Dr. Lassen prescribed him risperdone and fluoxetine but lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16.     Despite Lassen's representations, Jason did not receive any prescribed medications while at CCDOC on or about September 10, 11 or 12, 2014.

**ANSWER**:    These answering Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.

5

17.     On or about September 12, 2014, Jason was transferred to the custody of the Illinois Department of Corrections ("IDOC") at Stateville Correctional Center ("Stateville"). IDOC returned Jason to the custody of CCDOC on or about September 24, 2014.

**ANSWER**:     These answering Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18.     In sharp contrast to Defendants Gary and Lassen, IDOC and Stateville took necessary steps to ensure that Jason received both risperidone and fluoxetine during his time in IDOC's custody.

**ANSWER**:     These answering Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

**Defendants <u>again</u> fail to provide Jason with adequate medical care.**

19.     Upon returning to CCDOC on or about September 24, 2014, Jason again met with Defendant Gary and reiterated to her what he explained to her on or about September 10, 2014. Jason also explained that, while in IDOC custody and receiving his prescribed medications, he no longer heard voices that kept him awake and told him to harm himself and others. Jason complained to Gary that he had not received risperidone or fluoxetine while in CCDOC custody, despite Defendant Lassen's representations and prescriptions.

**ANSWER**:     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

20.     Defendant Gary told Jason she would refer him for a psychiatric evaluation and ended Jason's second mental health screening. Upon information and belief, Gary made no further effort to ensure that Jason received needed psychiatric treatment and medication.

**ANSWER**:     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

6

21.    Jason did not receive a follow-up psychiatric evaluation until on or about October 6, 2014, approximately two weeks after returning from Stateville and approximately two weeks after Defendant Gary told Jason she would refer him for such evaluation. Jason did not receive risperidone or fluoxetine between the time he returned to CCDOC custody on or about September 24, 2014 and his follow-up psychiatric evaluation on or about October 6, 2014.

**ANSWER**:    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22.    During his follow-up psychiatric evaluation with Defendant Howard on or about October 6, 2014, Jason explained that he had not received risperidone or fluoxetine while in CCDOC custody, despite being prescribed those medications by Defendant Lassen on or about September 10, 2014 and informing Defendant Gary of CCDOC's failure to provide such medications thereafter. Jason further explained that he heard voices and struggled to eat or sleep while not receiving his medications.

**ANSWER**:    Defendants admit that Plaintiff treated with Dr. Howard on October 6, 2014 but deny the remaining allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23.    Defendant Howard acknowledged Jason's complaint, re-prescribed Jason the same medications, and assured Jason that he would receive those medications going forward. Upon information and belief, and despite Howard's promise, Howard made no further effort to ensure that Jason received needed psychiatric treatment and medication.

**ANSWER**:    Defendants admit that Dr. Howard prescribed Plaintiff the same medication but deny the remaining allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

**Defendants underline continue to fail to provide Jason with adequate medical care.**

7

24.     Despite Defendant Howard's representations, and those of Defendants Lassen and Gary before him, Jason has never reliably or consistently received his prescribed and medically necessary risperidone or fluoxetine while in CCDOC custody.

**ANSWER**:    Defendants deny any such representations and lack sufficient knowledge of information to admit or deny the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25.     Defendants and CCDOC have failed to reliably and consistently provide Jason with prescribed risperidone and fluoxetine between September 2014 and the present day. At times, Jason will receive his prescribed medications both daily, and at roughly the same time each day. At other times, Jason will not receive his prescribed medications at the same time each day, or simply will not receive his prescribed medications at all.

**ANSWER**:    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26.     Jason has lodged numerous requests, complaints and grievances—including verbal complaints to Defendants and others, and formal and informal grievances consistent with CCDOC's administrative procedures—regarding failures to provide him with adequate medical care in the form of reliable, consistent provision of antipsychotic and antidepressant medications.

**ANSWER**:    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27.     In light of Defendants' and CCDOC's repeated failures to provide Jason with his prescribed medications, as well as their apparent inability to correct or remedy such failures in response to Jason's repeated complaints and grievances, Jason is left with no choice but to seek relief from this Court in hopes of reliably and consistently obtaining his medically-necessary medications going forward.

**ANSWER**:    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

## CAUSES OF ACTION

### COUNT I

**Deliberate Indifference to Serious Medical Need in Violation of 42 U.S.C. § 1983**
**(Against All Defendants)**

28.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27 above.

**ANSWER**:     Defendant incorporates by reference its Answers to Paragraphs 1 through 27 above.

29.     Defendants, at all relevant times, acted under color of state law.

**ANSWER**:     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30.     Plaintiff has, and at all relevant times had, an objectively serious medical need for the antipsychotic and antidepressant medications prescribed to him by Defendants Lassen and Howard.

**ANSWER**:     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31.     Defendants are, and at all relevant times were, aware of facts from which they could infer, and did infer, a substantial and obvious risk of serious harm to Plaintiff should he not receive the antipsychotic and antidepressant medications prescribed to him.

**ANSWER**:     Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32.      Defendants disregarded and ignored this substantial risk to Plaintiff's health and well-being by failing and refusing to take any steps to ensure that Plaintiff in fact received the medications prescribed to him by Defendants Lassen and Howard.

**ANSWER**:     Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33.     As a direct and proximate result of Defendants' failures, Plaintiff was denied

9

necessary medications.

**ANSWER**: Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

34. The denial of Plaintiff's prescribed medications caused Plaintiff unnecessary, wanton and lasting pain, suffering, and mental and emotional anguish.

**ANSWER**: Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35. Plaintiff expressly reserves the right to seek leave to amend his pleadings to add claims, parties or both as discovery and the case proceed.

**ANSWER**: Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendants by their attorney, Anita Alvarez, State's Attorney of Cook County, through her Assistant State's Attorney, Andrea L. Huff, and hereby set forth the following Affirmative Defenses:

1. Defendant's conduct was at all times objectively reasonable and did not violate and of Plaintiff's clearly established Constitutional Rights. Accordingly, Defendant is entitled to the defense of qualified immunity.

2. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault in an amount commensurate with the degree of fault attributed to Plaintiff by the jury in the case. In addition, to the extent that Plaintiff failed to take reasonable measures to mitigate any of his claimed injuries or damages, those facts shall be

presented to preclude recovery for Plaintiff and any verdict or judgment obtained by Plaintiff must be reduced by the amount of damages attributed to Plaintiff by the jury in this case.

3.      Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C Sec. 1997(e).  *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

4.      Pursuant to 745 ILCS 10/2-202, a public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct.  As set forth above, the conduct of the Defendant is at all times objectively reasonable and they are subsequently immune from liability based on the protections enumerated above and as set forth in the Tort Immunity Act.

5.      Pursuant to 745 ILCS 10/2-204, a public employee acting within the scope of his employment is not liable for an injury caused by the act omission of another person.  As set forth above, the Defendant is immune from liability based on the protections enumerated above and as set forth in the Tort Immunity Act.

## JURY DEMAND

Defendants respectfully request a trial by jury.

WHEREFORE, based on the foregoing, Defendants deny that Plaintiff is entitled to any relief, including but not limited to damages, costs, or attorneys' fees.  Defendants pray that this Honorable Court grant judgment in their favor and against Plaintiff on all aspects of her Amended Complaint and further request that this Honorable Court grant judgment of Defendants' fees, costs and such other relief that this Court deems just and appropriate.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: */s/ Andrea Huff*
Andrea Huff, #6257798
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-3473
andrea.huff@cookcountyil.gov

## CERTIFICATE OF SERVICE

I, Andrea L. Huff, Assistant State's Attorney, depose and state that, in accordance with Fed. R. Civ. P. 5. LR5.5 and the General Order on Electronic Case Filing (ECF), I served this Notice, together with the documents herein referred, electronically via the ECF-CM system to the above-named attorney on July 13, 2016.

*/s/ Andrea L. Huff*
Andrea L. Huff

12